Chief Judge Fuld.
The appellants Herbert and Pearl Polk, foster parents of the child Angela “ Doe ’ ’, seek a temporary stay of the order of the Appellate Division (37 AD 2d 718), dated July 6, 1971, pending determination of their motion, addressed to the Court of Appeals and returnable on September 7, 1971, for a stay of enforcement of said order.
In view of the fact that the appellants have taken an appeal to our court as a matter of right, I was prepared, giving full consideration to the interests of the child, to stay the enforcement of that order and permit them to retain the custody of the child pending the determination of their appeal if the appellants provided an affidavit or an undertaking that the child would not be taken out of New York State and thus removed from the jurisdiction of the courts of this State. The danger, ever present in cases of this sort, that appellants, against whom the decision has gone, will be tempted and impelled to remove the child from the State — and thus attempt to frustrate the decision of its courts—may be reduced only if they provide such reasonable *651 assurances as evidence of their good faith and of their intention not to escape and avoid the jurisdiction of the court.
With this objective in mind I entertained lengthy argument and conferences which were held on July 9 and July 12, 1971 with counsel for appellants, counsel for The Spence-Chapin Adoption Service and counsel for the natural mother, at the conclusion of which counsel for appellants requested that the matter be considered further today and that in the interim he would seek to obtain from appellants the affidavit or an undertaking which I deemed essential. Counsel for appellants has just advised me that his clients have disappeared along with the child from their home in Massapequa, New York, and that he has been unable to ascertain where they have gone — all of which leads me to conclude that they either have left the State with the child or have sought, by rendering themselves unavailable, to avoid obedience to any mandate of the court. This conduct on the part of appellants may not be condoned, for if we are to be an ordered society, living under the “ rule of law,” every citizen, regardless of the consequences, must abide by decisions solemnly and fairly arrived at by our courts.
Accordingly, since the appellants have deliberately made themselves and the child unavailable to the jurisdiction of this court, I am denying the temporary stay which they requested.